IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIMAL MEDICAL CENTER<br>OF ORLAND PARK, INC.<br>on behalf of Plaintiff and<br>the class members defined herein,<br><br>        Plaintiff,<br><br>        v.<br><br>ZYVET ANIMAL HEALTH INC.;<br>THE HARVARD DRUG GROUP, L.L.C.,<br>doing business as<br>FIRST VETERINARY SUPPLY;<br>and JOHN DOES 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   1:24-cv-01018<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

    1.    Plaintiff, Animal Medical Center of Orland Park, Inc., brings this action to secure redress for the actions of Defendants, ZyVet Animal Health Inc. ("ZyVet"), The Harvard Drug Group, L.L.C., doing business as First Veterinary Supply ("Harvard"), and John Does 1-10, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines (Exhibits A-D) in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

    2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Animal Medical Center of Orland Park, Inc. is an Illinois corporation with offices at 16200 S. LaGrange Road, Orland Park, Illinois, where it maintains a telephone facsimile machine that automatically prints on paper using toner/ ink.

4. Defendant ZyVet Animal Health Inc. is a New Jersey corporation with its main offices at 73 Route 31 N, Pennington, NJ 08534-3601. Its registered agent and office is C T Corporation System, 780 Commercial Street SE, Salem, Oregon 97301.

5. Defendant The Harvard Drug Group, L.L.C., doing business as First Veterinary Supply, is a Michigan limited liability company with a principal address of 339 Mason Road, La Vergne, TN 37086. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St, Suite 814, Chicago, IL 60604-1101.

6. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

9. Venue in this District is proper for the same reason.

## FACTS

10. On or about each of the following dates, Animal Medical Center of Orland Park, Inc., received the unsolicited fax advertisements attached hereto on its facsimile machine:

2

| Date | Exhibit |
|---|---|
| Jan. 3, 2024 | A |
| Jan. 23, 2024 | B |
| Jan. 24, 2024 | C |
| Jan. 26, 2024 | D |

11. The faxes offer products sold by ZyVet Animal Health and distributed by Harvard. The only contact information in the faxes is that of ZyVet. Anyone responding to the faxes would contact ZyVet.

12. On information and belief, the faxes were actually sent by Harvard with the authorization of ZyVet.

13. Discovery may reveal the transmission of additional faxes as well.

14. Defendants either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the faxes.

15. Plaintiff had no prior relationship with Defendant ZyVet. Plaintiff had made purchases from Defendant Harvard. Plaintiff had not authorized the sending of fax advertisements to Plaintiff, and the faxes do not provide any information about how to "opt out" from further faxes. Indeed, there is no indication in the faxes that Harvard was involved in sending the faxes.

16. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

17. On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18. There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

3

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21.     The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

22.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's statutory right of privacy was invaded.

23.     Plaintiff and each class member is entitled to statutory damages.

24.     Defendants violated the TCPA even if its actions were only negligent.

25.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of ZyVet, Harvard or their affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which Defendants compiled or obtained its list of fax numbers; and

    c. Whether Defendants thereby violated the TCPA.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

31. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

32. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza,* 08cv2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill.

2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communications, Inc.,* 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* 4:12cv221, 2013 WL 275568, 2013 U.S. Dist. LEXIS 9554 (E.D.Mo. Feb. 24, 2013).

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

34. Plaintiff incorporates ¶¶ 1-18.

35. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

36. Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720

6

ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

37. Defendants engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients or their advertising.

38. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

39. Defendants engaged in such conduct in the course of trade and commerce.

40. Defendants' conduct caused recipients or their advertising to bear the cost thereof. This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

41. Defendants' shifting of advertising costs to Plaintiff and the class members in this manner makes such practice unfair. In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

42. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action (815 ILCS 505/10a), (c) were sent faxes by or on behalf of ZyVet, Harvard or their affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

7

44. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

    b. Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

46. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

48. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

49. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

**COUNT III – CONVERSION**

50. Plaintiff incorporates ¶¶ 1-18.

51. By sending Plaintiff and the class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to Plaintiff and the class members.

52. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

53. By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

54. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

55. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

56. Defendants should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

57. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent faxes by or on behalf of ZyVet, Harvard or their affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

58. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

59. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

9

      a.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

      b.      Whether Defendants thereby converted the property of Plaintiff.

60.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

61.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

62.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

63.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

## COUNT IV – TRESPASS TO CHATTELS

64.     Plaintiff incorporates ¶¶ 1-18.

65.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

66.     Defendants' sending Plaintiff and the class members unsolicited faxes interfered

with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to Plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

67. Defendants acted either intentionally or negligently in engaging in such conduct.

68. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

69. Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

70. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent faxes by or on behalf of ZyVet, Harvard or their affiliates promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

71. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

72. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

    b. Whether Defendants thereby committed a trespass to chattels.

73. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

74. Plaintiff's claims are typical of the claims of the class members. All are based on

the same factual and legal theories.

75. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

76. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

    */s/ Daniel A. Edelman*
    Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

    */s/ Frank F. Owen*
    Frank F. Owen
    Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
(305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ *Frank F. Owen*
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

*/s/ Frank F. Owen*
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/ *Frank F. Owen*
Frank F. Owen
Florida Bar No. 0702188

Frank F. Owen
**FRANK F. OWEN & ASSOCIATES, P.A.**
1091 Ibis Avenue
Miami Springs, Florida 33166
Tel: (305) 984-8915
FFO@Castlepalms.com

Attorneys for Plaintiff Animal Medical Center
of Orland Park Inc. and all others similarly situated